# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cr-05018-01-MDH |
| ) | |
| MARZETT L. PARKER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 265). The motion is ripe for review.

Defendant was convicted, following a jury trial, of conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) under Count One, possession of 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) under Count Two, and possession of 5 kilograms or more a mixture or substance containing a detectable amount of cocaine under Count Three (Doc. 179). Defendant was sentenced to three concurrent 324-month sentences. Defendant's convictions and sentences were upheld on appeal. *United States v. Parker*, 587 F.3d 871 (8th Cir. 2009).

Defendant previously filed a motion to reduce his sentence pursuant to Amendment 782 which this Court denied due to Defendant's drug amount exceeding the highest offense level under U.S.S.G. § 2D1.1(c)(1). (See Doc. 243). Defendant's current motion argues that the Court's previous denial was made without any factual findings and without the benefit of the Fair Sentencing Act and the First Step Act. Defendant contends that if he were granted the reduction, his applicable Guidelines range would be reduced to 262 to 327 months, and although he was

sentenced within this range, he assumes the Court would impose the low end of 262 months, saving him 62 months. (Doc. 265).

As stated in the Government's opposition, the Court already made the factual finding that Defendant was responsible for 40 gallons of PCP (converted to 151.4 kilograms) and 12 kilograms of cocaine. This amount of PCP is substantially higher than the highest offense level of 38 under § 2D1.1(c)(1). Further, Defendant has not shown that he meets the requirements entitling him to relief under the Fair Sentencing Act or the First Step Act. Finally, Defendant was sentenced within his alleged Guidelines range and is unable to demonstrate a miscarriage of justice in the imposition of his sentence to establish an Eighth Amendment violation.

This Court agrees with the Government that Defendant is not entitled to relief. After a review of the record before the Court, and for the reasons set forth in the Government's opposition (Doc. 266), Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

Date: August 28, 2023

                                                  */s/ Douglas Harpool*
                                                  DOUGLAS HARPOOL
                                                  UNITED STATES DISTRICT JUDGE