**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  06-cr-05018-01-MDH** |
| | ) | |
| **MARZETT L. PARKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion for Reduction in Sentence in accordance with Amendment 814. (Doc. 276). Defendant states that his continued incarceration "due to the codefendants release constitutes a changed circumstance that warrants review." The government has filed an opposition and the motion is ripe for review.

Defendant was convicted, following a jury trial, of conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) under Count One, possession of 1 kilogram or more of a mixture or substance containing a detectable amount of phencyclidine (PCP) under Count Two, and possession of 5 kilograms or more a mixture or substance containing a detectable amount of cocaine under Count Three (Doc. 179). Defendant was sentenced to three concurrent 324-month sentences. Defendant's convictions and sentences were upheld on appeal. *United States v. Parker*, 587 F.3d 871 (8th Cir. 2009). Based on the information made available on the Bureau of Prisons Inmate Locator, Defendant's release date is October 23, 2028.

Defendant previously filed a motion to reduce his sentence pursuant to Amendment 782 which this Court denied due to Defendant's drug amount exceeding the highest offense level under

1

U.S.S.G. § 2D1.1(c)(1). (See Doc. 243). Defendant then filed a motion to vacate pursuant to § 2255 and a motion for compassionate release. Defendant appealed this Court's order denying his motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The Eighth Circuit affirmed this Court's ruling.

The government states Defendant has now filed a motion under U.S.S.G. Amendment 814 based on an unusually long or disparate sentence however, the government contends in claiming an unusually long or disparate sentence Defendant is actually proceeding under Sentencing Guidelines' Policy Amendment § 1B1.13(b)(6). Defendant's motion seeks a reduction in sentence based on an unusually long or disparate sentence, his age, and rehabilitation efforts he has made.

The government argues Defendant cannot establish extraordinary or compelling reasons for a sentence reduction because he is unable to show that he received a gross disparity between the sentence being served and the sentence likely imposed today. There has been no subsequent lowering of his Guidelines range, and the § 851 notice had no impact on Defendant's sentence. In addition, Defendant's argument that his sentence should be reduced because of codefendants that have been recently released should also be rejected. Fair sentencing requires a court to conduct an analysis under 18 U.S.C. § 3553(a) based upon a defendant's individualized characteristics. As the court noted at sentencing, Defendant has a lengthy criminal history that includes prior controlled substance, assault, and firearm offenses. After considering Defendant's individualized characteristics, the sentencing court believed a low end 324-month Guidelines sentence was reasonable. Finally, Defendant has failed to present extraordinary or compelling reasons based on his age or rehabilitation for a reduction in sentence.

Defendant has also requested appointment of counsel. The Eighth Circuit has determined that in proceedings under § 3582(c), there is no constitutional right to the appointment of counsel,

nor is there a statutory right to counsel available under 18 U.S.C. § 3006A(c). *United States v. Harris*, 568 F.3d 666 (8th Cir. 2009); see also *United States v. Wilson*, 2019 WL 7372975 at 2 (Dec. 31, 2019). The Court finds no basis to appoint counsel in this proceeding and Defendant's request is **DENIED**.

This Court agrees with the Government that Defendant is not entitled to relief. After a review of the record before the Court, and for the reasons set forth in the Government's opposition (Doc. 277), Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

Date:  September 26, 2024

        */s/ Douglas Harpool*
        DOUGLAS HARPOOL
        UNITED STATES DISTRICT JUDGE